UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA GUERRERO and | § | |
| DAMARIS E. TYLER, Individually | § | |
| and on Behalf of All Others Similarly | § | |
| Situated, | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:05 CV 03620 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| HABLA COMMUNICACIONES, | § | |
| INC., d/b/a HABLA | § | |
| COMUNICACIONES, INC. | § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE**

**AND**

**ALTERNATIVE MOTION FOR CONTINUANCE OF HEARING**

Plaintiffs, Cynthia Guerrero and Damaris E. Tyler, Individually and on Behalf of all Others Similarly Situated, hereinafter ("Plaintiffs"), file this Response to Defendant Habla Communicaciones, Inc., d/b/a Habla Comunicaciones, Inc.'s, hereinafter ("Defendant"), Motion to Transfer Venue requesting this Court to deny Defendant's motion or, in the alternative, postpone ruling on the motion until the Class Notice has been sent and the additional plaintiffs are known. In support thereof, Plaintiffs respectfully show as follows:

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## I. INTRODUCTION

Plaintiff, Cynthia Guerrero, was employed by Defendant for approximately eight (8) months and Plaintiff, Damaris Tyler, worked for Defendant for approximately two (2) years. Throughout their employment with Defendant, Plaintiffs were denied any form of overtime pay. Plaintiffs worked exclusively in Defendant's Houston office, and never worked in Dallas, Arlington or any other locale within the Northern District of Texas. Moreover, Plaintiffs have since continued to live and work in Houston, and the Northern District of Texas has no connection to Plaintiffs or to the present dispute.

## II. SUMMARY OF PLAINTIFFS' ARGUMENT

Defendant's motion to transfer venue should be denied because it is mistakenly based on the location of Defendant's own employee witnesses, as opposed to non-party witnesses. The law in this area clearly states that the location of party witnesses, including employees of parties, is given little weight relative to non-party witnesses. Defendant does not identify a single *non-party* witness, much less one that would be inconvenienced by maintaining venue in the Southern District of Texas.

Defendant's motion also prematurely assumes that a majority of Defendant's employees who opt to join this collective action will reside in the Northern District of Texas. Indeed, if Defendant is successful in persuading its employees not to



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

join this lawsuit, then the only party plaintiffs will reside in Houston. Under that scenario, transferring the venue to the Northern District would be error after the fact. If the court is *not* convinced that Defendant has already failed to meet its burden to transfer this matter, then instead of ruling on this motion prematurely, this Court should postpone ruling until all potential parties are before it. The other factors that form the basis of Defendant's motion (location of counsel, documents and plaintiffs' choice of forum) all weigh heavily in favor of maintaining this cause in its original venue.

If this case is transferred to the Northern District of Texas, then presumably the notice that urgently needs to be sent to the class members will be delayed for months during the transfer and the new court working this matter into its docket. Such a delay will waste the value of Plaintiffs' claims, and hence underscores the hidden benefit provided to Defendant if its motion is granted. For example, assuming that in the process of transferring this matter, the notice is delayed by two months and 20 employees opt in. In that scenario, the Defendant will be relieved of having to pay them cumulatively 40 months of back pay.

Accordingly, in the interest of justice, if the Court decides not to deny this motion at this time, the Court should postpone ruling on Defendant's motion until the end of the opt-in period. Once this Court and the parties are fully aware of the



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

location of the Plaintiffs, then this Court can make a more informed decision on the pending motion.

## III. APPLICABLE STANDARD

Even where a court has personal jurisdiction over a defendant, and venue is proper, it may nevertheless transfer a case to another district or division where the case could have been brought, if transfer would be convenient for the parties and the witnesses and in the interests of justice. 28 U.S.C. § 1404(a). In deciding a transfer motion, the district court must consider both private and public interest factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). However, the plaintiff's choice of forum is typically entitled to great deference. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). As a general rule, if the balance of public and private interest factors does not strongly favor the defendant, the district court will not disturb a plaintiff's choice of forum. *Id.* at 1436.

The private interest factors include 1) the plaintiff's choice of forum; 2) the convenience of key non-party and party witnesses; 3) location of evidence; 4) location of counsel; 5) costs to obtain the presence of witnesses; and 6) the location of the alleged wrong. *See Gulf Oil Co., v. Gilbert*, 330 U.S. 501, 508 (1947); *Walter Fuller Aircraft Sales, Inc., v. Republic of The Phillipines*, 965 F.2d 1375, 1389 (5th Cir. 1992); *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 608 (E.D. La. 2000); *Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F. Supp.



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

375, 383 (W.D. La. 1996); *Bevil v. Smith Americas, Inc*., 883 F. Supp. 168, 171 (S.D. Tex. 1995). The public interest factors include 1) the pendency of related litigation in another forum; 2) delays due to docket congestion; 3) choice of law issues; 4) the local interest in having localized controversies resolved at home; and 5) the interests of justice. *See Salinas v. O'Reilly Auto., Inc*., 358 F. Supp. 2d 569, 573 (N.D. Tex. 2005); *Johnson v. Big Lots Stores, Inc*., 2005 U.S. Dist. Lexis 2221 at * 10-12 (E.D. La. 2005); *Laitram Corp. v. Hewlett-Packard Co*., 120 F. Supp. 2d 607, 608 (E.D. La. 2000).

## IV. <u>ARGUMENT AND AUTHORITES</u>

### A. Plaintiffs' choice of forum is entitled to great deference, and the facts weigh heavily in favor of retaining venue in this district.

The plaintiff's choice of a forum is "a paramount consideration in any determination of transfer request, and that choice should not be lightly disturbed." *Young v. Armstrong World Indus.*, 601 F.Supp. 399, 401 (N.D.Tex.1984) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970)). Further, the judicial system inherently provides a plaintiff with his choice of forum:

> The existence of [forum choices] not only permits but indeed invites counsel in an adversary system, seeking to serve in his client's interests, to select the forum that he considers most receptive to his cause. The motive of the suitor in making this choice is ordinarily of no moment: a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor.



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

*McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir.1983). The plaintiff's choice of forum is entitled to great weight and generally should not be disturbed unless clearly outweighed by other considerations. *Time, Inc., v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). Plaintiffs have chosen a forum in the Southern District of Texas, as it is the most applicable and convenient forum in Texas.

Defendant has argued that the majority of events giving rise to Plaintiffs' claims arose in the Northern District of Texas and, therefore, the Southern District of Texas is neither the most convenient forum nor the forum with the most substantial connection to the alleged wrongdoing giving rise to Plaintiffs' claims. This assertion is patently false. Plaintiffs incorporate by reference the affidavits of the three former employees who have joined this lawsuit. *See* Exs. A, B, and C, Affidavits of Cynthia Guerrero, Damaris Tyler, and Yaneth Lopez, respectively. These affidavits establish the following facts relevant to venue:

a. All three current plaintiffs worked for Defendant exclusively in Houston.

b. All three plaintiffs were denied overtime pay in Houston.

c. The entire conduct giving rise to all three Plaintiffs' claims arose in Houston.

d. All three Plaintiffs have resided in Houston while employed with Defendant and currently reside in Houston.



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

e. None of the current three Plaintiffs has ever resided in the Northern District of Texas.

f. Witnesses to the violation of the FLSA such as supervisors and co-workers are likely to be found in Houston.

*g.* All pay checks and stubs evidencing the violation were delivered to Plaintiffs in Houston.

*See id.*

Additionally, courts will apply a great degree of deference to a plaintiff's choice of forum if the plaintiff resides in the forum chosen. *See Johnson v. Big Lots Stores, Inc*., 2005 U.S. Dist. Lexis 2221 at * 7(E.D. La. 2005). In the present case, Plaintiffs currently reside in Houston and have lived in Houston continuously from the period employed by Defendant to the present time. All pertinent events occurred while Plaintiffs were employed by Defendant in Defendant's Houston office.

**B. Defendant mistakenly and fatally bases its motion on the location of potential *party* witnesses, as opposed to key witnesses who are *not parties* to the suit.**

**1. Defendant has not identified a single non-party witness.**

Defendant's primary argument is that the vast majority of its employees (potential plaintiffs and management alike) work in Dallas and Arlington and, therefore, it would be so inconvenient for these witnesses to have to travel several hours to Houston that this Court should transfer venue to the Northern District.



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

While Defendant's statistical references invite the reader to jump to conclusions, the cited facts are not given significant weight under the law regarding transfer motions. As Judge Crone noted and other courts have followed:

> The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). *See Electronic Transaction Network v. Katz,* 734 F.Supp. 492, 501 (N.D.Ga.1989); *Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257, 259 (S.D.N.Y.1974). It is the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight.

*Gundle Lining Construction Corp. v. Fireman's Fund Insurance Co.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994); *see also, In re Triton Ltd. Sec. Litig*., 70 F. Supp. 2d 678, 690 (E.D. Tex. 1999) (following *Gundle* and rejecting Defendant's argument that requiring five of Defendant's Dallas employees to travel to the Eastern District of Texas would be difficult or burdensome). It is only logical to give significantly less weight to party witnesses because:

> the key witnesses are ... employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial.

*Z-Tel Comm., Inc. v. SBC Comm., Inc*., 331 F.Supp.2d 567, 573 (E.D. Tex. 2004) (citing *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1397 (S.D.Tex.1992); *see also Mannatech Inc. v. See*, 2000 WL 256326 (N.D.Tex.2000), 2000 U.S. Dist. LEXIS 2656 (finding that defendants can compel their employees to testify in another district).



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Therefore, Defendant misguides this Court by repeatedly referring to the location of most of its employee witnesses. In order for the "witness factor" to weigh in favor of transfer, Defendant was required to identify at least one *non-party* witness. Defendant's motion does not refer to a single non-party witness, much less one that would be inconvenienced. Indeed, Defendant's reference to even party witnesses is done so categorically (not by proper name) such that neither the Court nor plaintiff's counsel knows the precise identity of the witness or the substance of their testimony. Such vague references require denial of Defendant's motion.[1]

**2. Party witnesses would not be inconvenienced by Plaintiffs' choice of forum—at most they would have to travel a few hours from Dallas to Houston.**

Furthermore, Defendant has failed to demonstrate how Plaintiffs and Defendant's witnesses are burdened by Plaintiff's choice of forum. Defendant has simply argued that potential material fact witnesses and the majority of its employees reside in the Northern District of Texas, treating this statement as a foregone conclusion that travel between the two districts is oppressive. This

---

[1] *See Continental Airlines*, 805 F.Supp. at 1396 ("Where, as here, the moving party has merely made a general allegation that certain witnesses are necessary, without identifying them or the substance of their testimony, the motion must be denied.") *see also Barnett v. Kirby Inland Marine, Inc.*, 202 F.Supp.2d 664, 669 (S.D.Tex.2002) (motion to transfer venue denied where defendant did not adequately identify witnesses who would be inconvenienced by the transfer or describe their proposed testimony); *Federal Trade Comm'n v. Multinet Marketing, LLC*, 959 F.Supp. 394, 396 (N.D.Tex.1997) (failure to name witnesses who would testify at trial held insufficient to defeat plaintiff's choice of forum).



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

assertion is insufficient to warrant a transfer of venue. Defendant is required to show that litigating in the Plaintiffs' chosen forum would be oppressive to witnesses. *Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401-02 (N.D. Tex. 1984). Defendant has not shown, nor even alleged that litigating the present dispute in the Southern District of Texas would be oppressive.

In *Mohamed v. Mazda Motor Corp.*, the court held that travel of 150 miles by the defendant's witnesses was "negligible" and did not justify a transfer of venue. 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000); *see also, Crystal Semiconductor Corp. v. OPTI, Inc.*, 44 U.S.P.Q.3d 1497, 1504 (W.D. Tex. 1997) (noting that "measly three-hour plane ride" was insufficient to justify a transfer of venue.) In the *Continental Airlines* case cited above, the facts and ruling are particularly pertinent because the defendant in that case was attempting to transfer the venue from Galveston to Dallas, asserting an even greater alleged burden on the Dallas employee witnesses than the case at bar. That court held:

> Third, the Court finds Defendants' argument that there is no commercial airline service to Galveston to be of little merit. While there is no commercial airline service to the City of Galveston, Houston has two commercial airports, both of which are served by American. One of these is approximately 40 miles from Galveston and the other approximately 70 miles.

*Continental Airlines, Inc.*, 805 F.Supp. at 1396 (refusing to transfer venue from Galveston to Dallas based on inconvenience of Dallas employees traveling to Galveston). The airports are closer to Houston than to Galveston.



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Even if Defendant musters the name of a witness who will somehow be ostensibly burdened, that burden is still insufficient to outweigh the plaintiff's right to its choice of forum. *See Jarvis Christian Coll. v. Exxon*, 845 F. 2d 523, 528-29 (5th Cir. 1988).

Plaintiffs do not dispute that the Northern District of Texas would be a more convenient forum for Defendant. However, a case should not be transferred simply to shift the burden of inconvenience from the defendant to the plaintiff. *See Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 571 - 72 (N.D. Tex. 2005); *Enserch Int'l Exploration, Inc., v. Attock Oil Co., Ltd.*, 656 F. Supp. 1162, 1167 n. 15 (N.D. Tex. 1987). Mere inconvenience to the defendant is not sufficient to warrant changing the location of suit. *Van Dusen v. Barrack*, 376 U.S. 612, 634 n. 30 (1964).

**C. The location of documents is a *de minimus* concern.**

Defendant has argued that its motion to transfer venue should be granted because the vast majority of documents controlled by Defendant are located in Defendant's Arlington office. However, Defendant must demonstrate that the documents at issue in this case could not be made available in the Southern District of Texas. *See TIG Ins. Co. v. Nafco Ins. Co., Ltd.*, 177 F. Supp. 2d 561, 568 (N.D. Tex. 2001); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). Defendant has failed to do so. Moreover, access to documents has been



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

given decreasing importance by the courts with the advances in copying technology as well as new methods of information storage. *See, e.g., Mohamed*, 90 F. Supp. 2d at 778.

The documents at issue in the present case are time sheets and pay stubs. These documents can be readily reproduced and transported by Defendant with ease. No undue burden would result by forcing Defendant to mail these documents from Arlington to Houston. Indeed, plaintiff's counsel can hire a copy service to retrieve them, if necessary.

**D. Location of counsel supports retaining this case in the Southern District.**

Defendants have also argued that the location of counsel is a factor favoring a transfer of venue. However, the location of counsel is generally considered a relatively minor factor. *See Gardipee v. Petroleum Helicopters, Inc*. 49 F. Supp. 2d 925, 933 n. 9 (E.D. Tex. 1999). Yet, even this factor demonstrates that Plaintiffs' choice of forum should be maintained. Plaintiffs' counsel is Galvin Kennedy of Kennedy Hodges L.L.P., located at 3710 Kirby Drive, Suite 400, **Houston,** Texas 77098. Defendant's counsel is Bennee Jones of Andrews Kurth L.L.P. While Ms. Jones operates in Dallas, her firm's principal office is located at 600 Travis, Suite 4200, **Houston**, Texas 77002. Defendant has selected a law firm with such a substantial presence in Houston that it can hardly argue it would be inconvenienced by having to litigate this matter here.



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

**E. Additional factors support Plaintiffs' choice of forum.**

Although not addressed by Defendant in its motion to transfer venue, the following additional factors are relevant to the present case and demonstrate that Plaintiffs' choice of forum should be upheld.

**1. Choice of law considerations do not favor transfer.**

This action is purely federal in nature. Thus, the same law applies regardless of which district court hears the case. Accordingly, this Court is equally competent to evaluate Plaintiffs' FLSA claims as the Northern District of Texas or any other district court. *See Johnson v. Big Lots Stores, Inc.*, 2005 U.S. Dist. Lexis 2221 at *11 (E.D. La. 2005).

**2. Interests of justice are better served by maintaining Plaintiffs' choice of forum.**

As stated above, transferring this case prior to issuing class notice to other employees who were victims of the same payroll practice will necessarily injure them irreparably due to the delay involved. With each passing day, the employees lose one day of their claim. The interests of justice require that this case remain in its original venue.

## V. ALTERNATIVE MOTION FOR CONTINUANCE

If the court decides not to deny this motion at this time, then this court should postpone ruling on Defendant's motion until the end of the opt-in period.



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

As such, Plaintiffs in the alternative respectfully request a continuance so that any potential opt-in plaintiffs may be given time to join the present action. Once this Court and the parties are fully aware of the location of the Plaintiffs, then this Court can make a more informed decision on the pending motion..

## VI. CONCLUSION

Defendant's motion to transfer venue should be denied. Defendant has failed to demonstrate that the interests of convenience and justice would be served by a transfer of venue to the Northern District of Texas. As such, Plaintiffs' choice of forum in the Southern District of Texas should be respected.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: ________/s/_________________
Galvin B. Kennedy
State Bar No. 00796870
Federal Bar No. 20791
3701 Kirby Drive, Suite 400
Houston, Texas 77098
Telephone: 713-523-0001
Facsimile: 713-523-1116

**ATTORNEY IN CHARGE FOR PLAINTIFFS**



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

OF COUNSEL:

Kevin M. Chávez
State Bar No. 24034371
Federal Bar No. 32889
KENNEDY HODGES, L.L.P.
3701 Kirby Drive, Suite 400
Houston, Texas 77098
Telephone: 713-523-0001
Facsimile: 713-523-1116

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1D, I aver that I have conferred with counsel for respondents and she is opposed to Plaintiff's motion for continuance, which is requested in the alternative.

____/s/____________________
Galvin B. Kennedy

## CERTIFICATE OF SERVICE

This is to certify that on February 9, 2006 a true and correct copy of the foregoing instrument has been served to the following via electronic filing and/or facsimlie:

Bennee B. Jones
ANDREWS KURTH, L.L.P.
1717 Main St., Suite 3700
Houston, Texas 75201

______/s/__________________
Galvin B. Kennedy



PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com