UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA GUERRERO, *et al.*, | § | |
| *Plaintiffs,* | § | |
| v. | § | CIVIL ACTION H-05-3620 |
| | § | |
| HABLA COMUNICACIONES, | § | |
| *Defendant.* | § | |

## ORDER

The defendant has moved the court to transfer this FLSA action to the Northern District of Texas (Dkt. 6).  For the following reasons, the motion is DENIED.

Plaintiffs Guerrero and Tyler filed their action for unpaid overtime compensation in this district, where they currently reside and where they were employed by the defendant Habla Comunicaciones, Inc.  They also seek to maintain this as a collective action on behalf of similarly situated current employees of Habla, under the authority of FLSA § 216(b).  To date, one additional employee has filed a notice of consent seeking to "opt in" to this action; this individual also resides within the Southern District of Texas.  Dkt. 8, Ex. C.  Habla's corporate headquarters and the majority of its employees are now in the city of Arlington, within the Northern District of Texas.

## 1.      Transfer Standard

A necessary precondition for any motion to transfer venue under 28 U.S.C. § 1404(a) is that the case could have been brought in the district to which transfer is sought.  *Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960).  Once that condition is satisfied, the motion to transfer venue is determined by two guiding concerns: "the convenience of parties and

witnesses" and "the interest of justice." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004).  Various private and public interest factors are used to gauge "convenience," none of which are dispositive.  *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  Among the private factors are: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure witness attendance: (3) cost of attendance for willing witnesses; and (4) other practical obstacles to an expeditious and inexpensive trial. *Id.* at 340 n.8.  The public concerns include: (1) administrative difficulties flowing from court congestion; (2) local interest in deciding localized issues at home; (3) familiarity of the forum court with the law governing the case; and (4) avoidance of unnecessary conflict of laws problems. *Id.*  The plaintiff's choice of forum is highly esteemed and typically entitled to great deference, unless the plaintiff resides outside the forum district or the operative facts of the action occurred elsewhere. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Johnson, et al., v. Big Lots Stores, Inc.*, 2005 WL 357200, at *3 (E.D. La. 2005).

**2.    Analysis**

Habla clears the initial hurdle for its transfer motion, since the plaintiffs in this FLSA action could have brought this suit against their employer for unpaid overtime in any federal or state court of competent jurisdiction.  29 U.S.C. § 216(b).  The general venue statute permits suit to be brought where the defendant resides, which in this case is the Northern

District. 28 U.S.C. § 1391(b). However, none of the private or public interest factors weigh significantly in favor of transferring this action to that venue.

Starting with the private factors, plaintiffs' choice of forum in this district is entitled to significant deference, because each plaintiff resides here and the operative facts occurred here. At all relevant times they were employed at Habla's Houston branch office. All their working hours were performed and paid for (adequately or not) in this district. Although certain relevant personnel and payroll decisions affecting them may have been made elsewhere, the primary situs of material events affecting these plaintiffs is their workplace, *i.e.*, Houston, Texas.

As for witnesses, Habla asserts that its potential witnesses include the Vice President of Operations based in Arlington, as well as various unspecified managers, supervisors, and other personnel from the Arlington office. Habla has not specified which of these potential witnesses is key to its case, nor has it provided a summary of their testimony. *See Dupre v. Spanier Marine Corp.,* 810 F. Supp. 823, 825 (S.D.Tex. 1993) (party seeking transfer must clearly specify key witnesses to be called and provide a general description of their testimony). No non-party witnesses have been identified. Counterbalancing Habla's potential witnesses from the Northern District are the three plaintiffs who reside in this district. Given that one side will necessarily be inconvenienced regardless of where the case is tried, there is no compelling reason to shift the balance of inconvenience to the plaintiffs and thereby deprive them of their chosen forum. *See Van Dusen v. Barrack*, 376 U.S. 612,

645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient").

Regarding documents, Habla asserts that its payroll and personnel records are maintained at corporate offices in Arlington. This is not likely to be a document intensive case, however. Plaintiffs' payroll and personnel records for the short period in question are hardly likely to be so voluminous that they could not readily be transmitted by fax or briefcase. This concern is *de minimis*.[1]

There is a distinct possibility of delay in the event this case were transferred to the Northern District, simply by virtue of placing this case in the queue of newly-filed cases awaiting assignment to a district judge's docket. While the Northern District docket is generally very current, this magistrate judge's trial docket is still new and developing, and would offer the parties an earlier trial date than any court in another district could offer. This factor weighs against transfer, but not decisively so. Habla has not argued any other public interest factors in support of its motion.

Habla's principal concern is that the plaintiffs have filed this suit as a collective action under FLSA § 216(b), and seek leave to send out class notice to similarly situated employees, most of whom live in the Northern District.[2]   Apparently Habla assumes that the plaintiffs

---

[1] Habla's motion also discusses "location of counsel" as though it were a relevant factor. However, the Fifth Circuit has ruled that it is reversible error for a district court to consider this factor in its § 1404(a) analysis. *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004).

[2] According to the affidavit of Habla's Vice President of Operations, 77% of current employees and 70% of former employees in the relevant job categories live in the Northern District.

will be successful in their efforts to obtain a significant number of Northern District opt-ins, who would be substantially inconvenienced by proceeding in this court. But such plaintiffs would not face a Hobson's choice of either joining this action or foregoing any legal remedy at all. If such a plaintiff decides that it would be too inconvenient to opt-in here, he or she can file suit closer to home. A plaintiff who does choose to opt-in here would presumably be signaling his judgment that the relative inconvenience was not particularly significant.

Of course, if a large number of Northern District opt-ins materialize, then the defendant's burden of producing witnesses and evidence for trial may become substantially heavier. Such concerns are purely hypothetical at this point, however. Until plaintiffs' motion for class notice is resolved and the actual opt-ins are known, the court is not inclined to wrestle with shadows by speculating on the potential inconvenience to unknown parties and unknown witnesses. In the event the number of out-of-district opt-ins becomes so substantial as to materially shift the balance of this litigation to the Northern District, the court will allow Habla to renew its motion. At the present time, however, Habla has not met its burden under § 1404(a).

For these reasons, Habla's motion to transfer venue is DENIED.

Signed on March 16, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge

5