

1717 Main Street, Suite 3700
Dallas, Texas 75201
214.659.4400 Phone
214.659.4401 Fax
andrewskurth.com

Bennee B. Jones
214.659.4624 Direct
214.659.4834 Fax
benneejones@andrewskurth.com

April 25, 2006

The Honorable Stephen Wm. Smith,
United States Magistrate Judge,
United States District Court,
Southern District of Texas, Houston Division
515 Rusk Ave., Room 7727
Houston, Texas 77002

    Re:    *Guerrero et al. v. Habla Communicaciones, Inc. d/b/a Habla Comunicaciones, Inc.*; Civil Action No. 4:05-cv-3620; pending in the United States District Court for the Southern District of Texas, Houston Division.

Dear Magistrate Judge Smith:

    Pursuant to the Court's April 19, 2006 Order, Defendant Habla Communicaciones, Inc. d/b/a Habla Comunicaciones, Inc. ("Defendant") submits this letter brief in support of its position that *putative class members* who opt in to a Fair Labor Standards Act ("FLSA") collective action have a fundamental right to proceed *pro se*.

    It is undisputed that it is entirely within a putative class member's discretion whether or not to opt in to an FLSA collective action lawsuit and, if he does, whether he chooses to be represented by the named plaintiffs' counsel or select an attorney of his own choosing. The right to proceed *pro se* is subsumed within an FLSA opt-in plaintiff's right to choose his own counsel. The purpose of the FLSA's collective action mechanism and case law which recognizes a *pro se* plaintiff's right to proceed with his individual FLSA claims support the proposition that *opt-in plaintiffs* have a fundamental right to represent themselves in the same way as other non-representative plaintiffs.

    Defendant recognizes that *representative plaintiffs* in an FLSA collective action cannot proceed *pro se* because, without an attorney, they are unable to "fairly and adequately protect the interests of the class." *See Hussein v. Sheraton New York Hotel*, 100 F. Supp. 2d 203, 206 (S.D. N.Y. 2000) ("It is well settled that... *pro se* plaintiffs cannot act as class representatives."); *Naum v. City of New York*, 1996 U.S. Dist. LEXIS 3728 *3 (S.D. N.Y. 1996) (citing *Osipova v. Home Energy Assistance Program*, 1985 WL 3956, *2 (S.D. N.Y.) and *Carlisle v. Sielaff*, 62 F.R.D. 441, 442 (E.D. Ill 1974)). These same concerns, however, do not apply to plaintiffs who

The Honorable Stephen Wm. Smith
United States District Court,
Southern District of Texas, Houston Division
April 25, 2006
Page 2

opt in to an FLSA collective action. By definition, opt-in plaintiffs do not represent the interests of the class; rather, they represent their own interests.

Although *pro se* litigants cannot qualify as adequate class representatives, courts have allowed such plaintiffs to proceed *pro se* with respect to their individual FLSA claims. For example, in *Naum v. City of New York*, a *pro se* plaintiff brought suit against his employer for alleged violations of the FLSA and sought to certify a class of all similarly situated employees. The court denied the plaintiff's request for conditional certification, stating that "*pro se* litigants cannot qualify as adequate class representatives," but allowed the plaintiff to proceed *pro se* with his individual claims. *Naum*, 1996 U.S. Dist LEXIS 3728 at *3; *see Hussein*, 100 F. Supp. 2d at 207 (finding that "*pro se* plaintiffs cannot act as class representatives," but proceeding to analyze the merits of the plaintiff's individual claims); *Frasier v. General Electric Company*, 930 F.2d 1004 (2nd Cir. 1991) (appeal of a case involving a *pro se* plaintiff who was allowed to proceed with an FLSA claim against her former employer); *Green v. Dallas County Schools*, 2005 U.S. Dist LEXIS 13637, *3 (N.D. Tex. 2005) (allowing a plaintiff to proceed *pro se* with her FLSA claim after her attorney withdrew); *Howard v. Chicago Transit Authority*, 1989 U.S. Dist. LEXIS 10165 (N.D. Ill. 1989) (case involving a *pro se* plaintiff who was allowed to proceed with an FLSA claim against his employer). In context of conditionally-certified FLSA collective action cases, courts have recognized *pro se* parties. *See Humphries v. Stream International, Inc.*, 2004 U.S. Dist LEXIS 20465 (N.D. Tex. 2004) ("interested party" proceeding *pro se* in FLSA collective action that was conditionally certified).

Further, the fundamental purpose behind the FLSA's collective action provision is (1) to provide a mechanism by which plaintiffs can pool their resources and lower their individual costs to vindicate their rights and (2) to allow the judicial system to resolve *in one proceeding* the common issues of law and fact arising from the same alleged discriminatory activities. *See Hoffman La-Roche v. Sperling*, 493. U.S. 165, 170 (1989) ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."). The purpose behind the FLSA's collective action provision is, therefore, premised on eliminating a multiplicity of duplicative lawsuits concerning the same legal or factual questions and does not require that each opt-in plaintiff be represented by counsel. In fact, in light of the costs associated with legal representation, a requirement of representation by counsel would be inconsistent with the notion that the collective action mechanism is designed to allow plaintiffs to lower their individual costs.

Yet, Plaintiffs' counsel seek to bar opt-in plaintiffs from participating in the present action without legal representation. Based on Defendant's research of this issue, there is nothing in the FLSA, the Department of Labor regulations, or case law which prohibits self representation for plaintiffs who opt in to a collective action. To the contrary, the FLSA and the courts expressly recognize the need to eliminate a multiplicity of duplicative lawsuits concerning the same legal or factual questions. A collective action addresses this need by inviting all affected employees to opt in, not just those represented by counsel. To hold otherwise would require employees to opt in to representation, not just the collective action, and be subject to

The Honorable Stephen Wm. Smith
United States District Court,
Southern District of Texas, Houston Division
April 25, 2006
Page 3

contingency or other fee arrangements in order to collectively assert their claims in one forum. To bar an employee from participating without representation, likewise, may have unintended collateral estoppel effects should the employee attempt to assert his claim at a later date.

    Thank you for your consideration. Please let us know if you have additional questions.

                Sincerely,

                Bennee B. Jones

BBJ:js

cc:    Galvin B. Kennedy, Esq. (via Facsimile)
       Kevin M. Chavez, Esq. (via Facsimile)
       Kennedy Hodges, L.L.P.

DAL:616104.5